Ronald G. Pyle II, Pro Se'
720 Bluefield ave.
Turlock, Ca. 95382
209-505-7481



RECEIVED FEB 17 2012
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

FILED FEB 17 2012
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

# UNITED SATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ronald G. Pyle II, <br><br> Plaintiff, <br><br> vs. <br><br> PORTFOLIO RECOVERY ASSOCIATES, <br><br> LLC.   Defendant | Case No.: <br><br> 1:12 CV 00230 LJO DLB |

## ORIGINAL COMPLAINT for VIOLATONS OF:

Fair Credit Reporting Act 15 U.S.C. § 1681 et seq.

Fair Debt Collection Practice Act 15 U.S.C. §1692

California Rosenthal Debt Collection Practice Act;

California Civil Code §1788 et seq.

**TO THE CLERK OF THE COURT AND TO THE DEFENDANT HEREIN:**

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

**Comes now** the Plaintiff Ronald G. Pyle II ("hereinafter Plaintiff"):

1. This lawsuit arises out of Defendant's **PORTFOLIO RECOVERY ASSOCIATES, LLC.** **("Hereinafter "PRA" or Defendant),** violations of the Fair Debt Collection Practices Act **("hereinafter FDCPA")** 15 U.S.C. § 1692 et seq., and Rosenthal Fair Debt Collection Practice Act, California Civil Code § 1788 et seq. **(hereinafter "Rosenthal"),** also violation Fair Credit

Reporting Act **(hereinafter "FCRA")** 15 U.S.C. § 1681 et seq., and Telephone Consumer Protection Act Sec. 227., 47 U.S.C. § 227(a)(iii), **(hereinafter "TCPA")** by and through "PRA".

2. Plaintiff brings this lawsuit to challenge the actions and inactions of Defendant, with regards to their attempts to unlawfully and abusively collect a nonexistent allegedly owed debt by Plaintiff, and the conduct of each has caused Plaintiff to suffer damages.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a Plaintiff, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety. Unless otherwise stated, the conduct engaged in by Defendants took place in the state of California, county of Stanislaus.

5. All actions of Defendants constituting violations as alleged were carried out knowingly, willfully, and with intent, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

## PRELIMI/INTEGRITYNARY STATEMENT

6. This is an action for damages; damages for violation of the FCRA; damages for violations of the TCPA; damages for violations of FDCPA; damages for violations of ROSENTHAL.

## JURISDICTION AND VENUE

7. Jurisdiction of this Honorable Court arises pursuant to 15 U.S.C. § 1692k(d), 47 U.S.C. §227(b)3, 15 U.S.C. §1681p, subject matter jurisdiction properly founded upon 28 U.S.C. §1331 et seq., supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a).

8. Venue is proper pursuant to 28 U.S.C. § 1391.

9. The venue is proper in the Eastern District because the violations occurred in this district and Plaintiff resides in this district.

10. Venue is proper, and at all times relevant, because Defendant conducted business within this District, and Defendant collection communications of the nonexistent debt occurred and were received by Plaintiff in this District.

12. Thus, establishing proper venue and jurisdiction of this honorable Court.

13. All conditions precedent to the bringing of this action have been performed.

## PARTIES

14. The Plaintiff in this lawsuit is Ronald G. Pyle II, a natural person, who resides in Stanislaus County, California.

15. The Defendant in this lawsuit is PORTFOLIO RECOVERY ASSOCIATES, LLC. An unknown entity with offices at: 140 Corporate Boulevard Norfolk, VA. 23502

## FACTUAL ALLEGATIONS

16. The FCRA, under **CONGRESSIONAL FINDINGS AND STATEMENT OF PURPOSE, 15 U.S.C. 1681(a)(4)** reads in relevant part: "There is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a **respect for the consumer's right to privacy**". (Emphasis added).

17. The FCRA, under **CONGRESSIONAL FINDINGS AND STATEMENT OF PURPOSE, 15 U.S.C. 1681(b)** reads in relevant part: "(b) Reasonable procedures. It is **the purposes of this title** to require that consumer-reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable **to the consumer**, with regard to the **confidentiality**, accuracy, relevancy, and proper utilization of such information in accordance with the requirements of this title". (**Emphasis added**).

18. Thus, the strictly limited provisions set forth in section 1681(b) operate to support the **confidentiality** of consumer reports by limiting their dissemination.

19. On December 16, 2011 @ 11:46a.m. Plaintiff received a phone call on his cell phone from Defendant, Caller ID# 731-256-1706, attempting to collect a debt for a family member. Plaintiff informed Defendant that he is not the person in question and to cease and desist all calls to his private cell number. Defendant asked for Plaintiff's name and Plaintiff gave it to Defendant.

20. Defendant alleged that Plaintiff had an account with Defendant. Plaintiff informed Defendant that he did not; but if Defendant believed otherwise then they should send a dunning letter.

21. On December 27, 2011, Defendant, without prior consent of Plaintiff and without express permission of any court of competent jurisdiction, telephoned Plaintiff's cell phone, at 10:51a.m.

Caller ID# 731-256-1706 for the purpose of collecting a "debt" within the meaning of 15U.S.C. § 1692a(5).

22. On December 30, 2011, Defendant, without prior consent of Plaintiff and without express permission of any court of competent jurisdiction, telephoned Plaintiff's cell phone, at 11:59 a.m., Caller ID# 205-453-1648 for the purpose of collecting a "debt" within the meaning of 15U.S.C. § 1692a(5).

23. Defendant sent 2 dunning letters ref.# 5178052186880478 for $2067.21 and ref.#5291071802297950 for $1752.14, received by Plaintiff on or about January 6, 2012.

24. Plaintiff sent validation letter certified mail #7011 1570 0002 9365 1138 on January 12, 2012 delivered on January 18, 2012. Requesting validation pursuant to 15 U.S.C. §1681.

25. Upon information and belief, Plaintiff found after examination of his TransUnion credit report that Defendant, "PRA" had obtained Plaintiff's **private** consumer credit report on August 18, 2011 without his expressed consent or permissible purpose.

26. Discovery of violations brought forth herein occurred on or about January of 2012 and are within the statute of limitations as defined in FCRA, 15 U.S.C. § 1681p.

27. Defendant is in violation of the FCRA, 15 U.S.C. § 1681b by obtaining Plaintiff's credit report without a permissible purpose from TransUnion, because at or about the time that Defendant obtained Plaintiff's credit report, **none of the specific** and **strictly limited** circumstances granting permissible purpose under section 1681(b) applied to Defendant.

28. At or about the time Defendant obtained Plaintiff consumer credit report:
    a. Plaintiff did not authorize consumer reporting agency TransUnion to furnish his consumer report to Defendant.
    b. Plaintiff did not authorize Defendant to obtain his consumer report from TransUnion.
    c. Plaintiff did not apply for any credit, loan, or services with Defendants.
    d. Plaintiff did not have any contractual relationship for credit, loan, or services with Defendants.
    e. Plaintiff did not owe any debt to Defendant.
    f. Plaintiff did not owe any debt as the result of a judgment to Defendant.
    g. Plaintiff did not apply for any employment with Defendant.

h.  Plaintiff did not apply for any insurance from Defendant.

i.  Plaintiff did not have any existing account or credit obligation with Defendant.

j.  Plaintiff was not named as an "authorized user" on any account with Defendant.

k.  No court having jurisdiction issued any order to TranUnion to furnish Plaintiff's consumer report to Defendant.

l.  No head of State or local child support enforcement agency requested TransUnion to provide Plaintiff's consumer report to Defendant.

m.  No agency administering a state plan under §454 of the Social Security Act (42 U.S.C. § 654) requested TransUnion to provide Plaintiff's consumer report to Defendant.

n.  Plaintiff did not receive any "firm offer of credit or insurance" from Defendant.

o.  Plaintiff did not apply for any license or other benefit granted by a governmental instrumentality through Defendant.

## COUNT I

## VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681 WILLFUL NON-COMPLIANCE BY DEFENDANT "PRA"

29. Paragraphs 1 through 28 are realleged as though fully set forth herein.

30. Plaintiff is a consumer within the meaning of the FCRA, 15U.S.C. § 1681a(c).

31. TranUnion is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

32. Consumer credit report is a consumer report within the meaning of FCRA, 15 U.S.C. §a(d).

33. The FCRA, 15 U.S.C. § defines the permissible purposes for which a person may obtain a consumer credit report.

34. Plaintiff has never at anytime had any business dealings or **accounts** with the Defendant "PRA".

35. At no time did Plaintiff give his consent for Defendant to acquire his TransUnion consumer credit report from any credit reporting agency.

36. FCRA 15 U.S.C. § 1681a(r)(4) states: (4) **Account and electronic fund transfer.** — The terms **"account"** and "electronic fund transfer" have the same meanings as in section 1693a of this title. (2) The term "account" means a **demand deposit, savings deposit**, or other **asset account** (other than an occasional or incidental credit balance in an open end credit plan as defined in section

1602(i) of this title), as described in regulations of the Board, established primarily for personal, family, or household purposes, but such term does not include an account held by a financial institution pursuant to a bona fide trust agreement.

37. The definition of "account" clearly states that it must be a **demand deposit, savings deposit**, or other **asset account** of which the Plaintiff has never had at any time with the Defendant.

38. The action of Defendant "PRA" obtaining the consumer credit report on August 18, 2011 with no permissible purpose or Plaintiff's consent, which is a willful violation of FCRA 15 U.S.C. § 1681b and an egregious violation of Plaintiff's right to privacy.

**WHEREFORE, Plaintiff respectfully demands judgment of $1000.00, for statutory damages against Defendant "PRA" and costs so determined by this Honorable Court pursuant to**

**15 U.S.C. § 1681n.**

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT (FDCPA) WILLFUL NON-COMPLIANCE BY DEFENDANT "PRA"

39. Paragraphs 1 through 28 are realleged as though fully set forth herein.

40. The Plaintiff is a consumer as defined in 15 U.S.C. §1692a(3).

41. Defendant is a debt collector as defined in 15 U.S.C. §1692a(6).

42. Defendant violated 15 U.S.C. §1692g failure to send the consumer a 30-day validation notice within five days of the initial communication.

43. Defendant violated 15 U.S.C. §1692e, by false, deceptive, or misleading representation or means in connection with the debt collection.

44. Defendant violated 15 U.S.C. §1692e(2)(A), in the character, amount, or legal status of the alleged debt.

45. Defendant violated 15 U.S.C. §1692e(10) by the use of any false representation or deceptive means to collect a debt or obtain information about a consumer.

46. Defendant violated 15 U.S.C. §1692f(1), Unfair practices, and attempt to collect any amount not authorized by the agreement creating the debt or permitted by law.
47. Defendant violated 15 U.S.C. §1692g(B) Collector must cease collection efforts until debt is validated.
48. Due to the repeated and continuing violation of the FDCPA, Plaintiff is entitled to actual and statutory damages under 15 U.S.C. §1692(k).

**WHEREFORE, Plaintiff respectfully demands judgment for damages against "PRA" For actual or statutory damages in the amount of $1000.00 so determined by this Honorable court pursuant to 15 U.S.C. § 1692(K)**

## COUNT III

### VIOLATIONS OF THE ROSENTHAL CAL. CIVIL CODE § 1788 et seq. WILLFUL NON-COMPLIANCE BY DEFENDANT "PRA"

49. Paragraphs 1 through 28 are realleged as though fully set forth herein.
50. Pursuant to § 1788.2(C) the Defendant is a debt collector, a person who in the ordinary course of business, regularly, on behalf of himself, herself or others, engages in debt collection.
51. Defendants are subject to the Rosenthal Fair Debt Collection Act (Cal. Civil Code §1788-§1788.33 et. Seq.)
52. Defendant is liable for out-of-pocket expenses Plaintiff paid due to the violation(s). If Plaintiff shows Defendant intentionally violated the law, Defendants must also pay up to $1000.00 for each violation, pursuant to §1788.30(a.-g.).
53. Defendant violated 15 U.S.C. §1692g, as incorporated by ROSENTHAL §1788.17, failure to send the consumer a 30-day validation notice within five days of the initial communication. Plaintiff demands the statutory amount of $1000.00.
54. Defendant violated 15 U.S.C. §1692g(a)(3), as incorporated by ROSENTHAL §1788.17, Must state right to dispute within 30 days. Plaintiff demands the statutory amount of $1000.00.

55. Defendant violated 15 U.S.C. §1692e, as incorporated by ROSENTHAL §1788.17, by false, deceptive, or misleading representation of the amount of the alleged debt. Plaintiff demands the statutory amount of $1000.00.

56. Defendant violated 15 U.S.C. §1692e(10), as incorporated by ROSENTHAL §1788.17, by the use of any false representation or deceptive means to collect a debt or obtain information about a consumer. Plaintiff demands the statutory amount of $1000.00.

57. Defendant violated 15 U.S.C. §1692f(1), as incorporated by ROSENTHAL §1788.17, Unfair practices, and attempt to collect any amount not authorized by the agreement creating the debt or permitted by law. Plaintiff demands the statutory amount of $1000.00.

58. Defendant violated ROSENTHAL §1788.13(1) any communication by a licensed collection agency to debtor demanding money unless the claim is actually assigned to the collection agency. Plaintiff demands the statutory amount of $1000.00.

59. Defendant violated ROSENTHAL §1788.17 by continuously failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. §1692 et seq.

**WHEREFORE, Plaintiff respectfully demands judgment for damages against "PRA" For actual or statutory damages in the amount of $7000.00 so determined by this Honorable court pursuant to Cal Civil Code § 1788.30(a) and §1788.30(e)**

## COUNT IV

### VIOLATIONS OF THE TCPA 47 U.S.C. 227
### WILLFUL NON-COMPLIANCE BY "PRA"

60. Paragraphs 1 through 28 are realleged as though fully set forth herein.

61. The Defendant continued calls to Plaintiff 2 times after Plaintiff expressly stated to cease and desist all communication by phone in an attempt to collect on a nonexistent alleged debt.

62. The Defendant has committed 2 separate violations of 47 U.S.C. §227(b)(1)(A) and Plaintiff is entitled to damages of $1,500.00 per violation pursuant to 47 U.S.C. §227(b)(3)(B).

63. The Plaintiff and Defendant do not have or ever had an established business relationship within the meaning of 47 U.S.C. §227. Defendant never received expressed consent to call Plaintiff. The Plaintiff had no reason to receive communication by phone from Defendant.

**WHEREFORE, Plaintiff respectfully demands judgment for damages against "PRA" For actual or statutory damages in the amount of $3000.00 so determined by this Honorable Court pursuant to 47 U.S.C. §227(b)(3).**

### DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted this 16th day of February 2012.

*[signature: Ronald A. Pyle II]*

Ronald G. Pyle II
720 Bluefield ave,
Turlock, CA. 95382
209-505-7481
guspyle@yahoo.com

SERVICE TO:
PORTFOLIO RECOVERY ASSOCIATES, LLC
140 CORPORATE BOULEVARD
NORFOLK, VA. 23502