1  Ronald G. Pyle II, Pro Se'
   720 Bluefield ave.
2  Turlock, Ca. 95382
   209-505-7481
3

4

**FILED**

FEB 23 2012

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ J. HELLINGS _____

5

## UNITED SATES DISTRICT COURT
6  ## EASTERN DISTRICT OF CALIFORNIA

7

8  Ronald G. Pyle II,                         )  Case No.:
                                              )
9            Plaintiff,                        )  1:12-cv-00230 LJO DLB
                                              )
10       vs.                                   )
                                              )
11   PORTFOLIO RECOVERY ASSOCIATES,            )
                                              )
12   LLC.        Defendant                     )
                                              )
13

14           AMENDED COMPLAINT for VIOLATONS OF:

15           Fair Credit Reporting Act 15 U.S.C. § 1681 et seq.

16           Fair Debt Collection Practice Act 15 U.S.C. §1692

17           California Rosenthal Debt Collection Practice Act;

18           California Civil Code §1788 et seq.

19

20

21    **TO THE CLERK OF THE COURT AND TO THE DEFENDANT HEREIN:**

22    ## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

23       **Comes now** the Plaintiff Ronald G. Pyle II ("hereinafter Plaintiff"):

24   1.  This lawsuit arises out of Defendant's **PORTFOLIO RECOVERY ASSOCIATES, LLC.**

25       **("Hereinafter "PRA" or Defendant),** violations of the Fair Debt Collection Practices Act

26       **("hereinafter FDCPA")** 15 U.S.C. § 1692 et seq., and Rosenthal Fair Debt Collection Practice

27       Act, California Civil Code § 1788 et seq. **(hereinafter "Rosenthal"),** also violation Fair Credit

28

Reporting Act **(hereinafter "FCRA")** 15 U.S.C. § 1681 et seq., and Telephone Consumer Protection Act Sec. 227., 47 U.S.C. § 227(a)(iii), **(hereinafter "TCPA")** by and through "PRA".

2. Plaintiff brings this lawsuit to challenge the actions and inactions of Defendant, with regards to their attempts to unlawfully and abusively collect a nonexistent allegedly owed debt by Plaintiff, and the conduct of each has caused Plaintiff to suffer damages.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a Plaintiff, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety. Unless otherwise stated, the conduct engaged in by Defendant took place in the state of California, county of Stanislaus.

5. All actions of Defendant constituting violations as alleged were carried out knowingly, willfully, and with intent, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

## PRELIMI/INTEGRITYNARY STATEMENT

6. This is an action for damages; damages for violation of the FCRA; damages for violations of the TCPA; damages for violations of FDCPA; damages for violations of ROSENTHAL.

## JURISDICTION AND VENUE

7. Jurisdiction of this Honorable Court arises pursuant to 15 U.S.C. § 1692k(d), 47 U.S.C. §227(b)3, 15 U.S.C. §1681p, subject matter jurisdiction properly founded upon 28 U.S.C. §1331 et seq., supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a).

8. Venue is proper pursuant to 28 U.S.C. § 1391.

9. The venue is proper in the Eastern District because the violations occurred in this district and Plaintiff resides in this district.

10. Venue is proper, and at all times relevant, because Defendant conducted business within this District, and Defendant collection communications of the nonexistent debt occurred and were received by Plaintiff in this District.

12. Thus, establishing proper venue and jurisdiction of this honorable Court.

13. All conditions precedent to the bringing of this action have been performed.

## PARTIES

14. The Plaintiff in this lawsuit is Ronald G. Pyle II, a natural person, who resides in Stanislaus County, California.

15. The Defendant in this lawsuit is PORTFOLIO RECOVERY ASSOCIATES, LLC. An unknown entity with offices at: 140 Corporate Boulevard Norfolk, VA. 23502

## FACTUAL ALLEGATIONS

16. The FCRA, under **CONGRESSIONAL FINDINGS AND STATEMENT OF PURPOSE,**
    **15 U.S.C. 1681(a)(4)** reads in relevant part: "There is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a **respect for the consumer's right to privacy**". (Emphasis added).

17. The FCRA, under **CONGRESSIONAL FINDINGS AND STATEMENT OF PURPOSE,**
    **15 U.S.C. 1681(b)** reads in relevant part: "(b) Reasonable procedures. It is **the purposes of this title** to require that consumer-reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable **to the consumer**, with regard to the **confidentiality**, accuracy, relevancy, and proper utilization of such information in accordance with the requirements of this title". (**Emphasis added**).

18. Thus, the strictly limited provisions set forth in section 1681(b) operate to support the **confidentiality** of consumer reports by limiting their dissemination.

19. On December 16, 2011@ 11:46a.m. Plaintiff received a phone call on his cell phone from Defendant, Caller ID# 731-256-1706, attempting to collect a debt for a family member. Plaintiff informed Defendant that he is not the person in question and to **cease and desist** all calls to his private cell number. Defendant asked for Plaintiff's name and Plaintiff gave it to Defendant.

20. Defendant alleged that Plaintiff had an account with Defendant. Plaintiff informed Defendant that he did not; but if Defendant believed otherwise then they should send a dunning letter.

21. On December 27, 2011, Defendant, without prior consent of Plaintiff and without express permission of any court of competent jurisdiction, telephoned Plaintiff's cell phone, at 10:51a.m.

Caller ID# 731-256-1706 for the purpose of collecting a "debt" within the meaning of 15U.S.C. § 1692a(5).

22. On December 30, 2011, Defendant, without prior consent of Plaintiff and without express permission of any court of competent jurisdiction, telephoned Plaintiff's cell phone, at 11:59 a.m., Caller ID# 205-453-1648 for the purpose of collecting a "debt" within the meaning of 15U.S.C. § 1692a(5).

23. Defendant sent 2 dunning letters ref.# 5178052186880478 for \$2067.21 and ref.#5291071802297950 for \$1752.14, received by Plaintiff on or about January 6, 2012.

24. Plaintiff sent validation letter certified mail #7011 1570 0002 9365 1138 on January 12, 2012 delivered on January 18, 2012. Requesting validation pursuant to 15 U.S.C. §1681.

25. Upon information and belief, Plaintiff found after examination of his TransUnion credit report that Defendant, "PRA" had **obtained** Plaintiff's **private** consumer credit report on August 18, 2011 without his expressed consent or permissible purpose.

26. Discovery of violations brought forth herein occurred on or about January of 2012 and are within the statute of limitations as defined in FCRA, 15 U.S.C. § 1681p.

27. Defendant is in violation of the FCRA, 15 U.S.C. § 1681b by obtaining Plaintiff's credit report without a permissible purpose from TransUnion, because at or about the time that Defendant obtained Plaintiff's credit report, **none of the specific** and **strictly limited** circumstances granting permissible purpose under section 1681(b) applied to Defendant.

28. At or about the time Defendant obtained Plaintiff consumer credit report:

   a. Plaintiff did not authorize consumer reporting agency TransUnion to furnish his consumer report to Defendant.

   b. Plaintiff did not authorize Defendant to obtain his consumer report from TransUnion.

   c. Plaintiff did not apply for any credit, loan, or services with Defendants.

   d. Plaintiff did not have any contractual relationship for credit, loan, or services with Defendants.

   e. Plaintiff did not owe any debt to Defendant.

   f. Plaintiff did not owe any debt as the result of a judgment to Defendant.

   g. Plaintiff did not apply for any employment with Defendant.

h.  Plaintiff did not apply for any insurance from Defendant.

i.  Plaintiff did not have any existing credit obligation with Defendant.

j.  Plaintiff was not named as an "authorized user" on any account with Defendant.

k.  No court having jurisdiction issued any order to TranUnion to furnish Plaintiff's consumer report to Defendant.

l.  No head of State or local child support enforcement agency requested TransUnion to provide Plaintiff's consumer report to Defendant.

m.  No agency administering a state plan under §454 of the Social Security Act (42 U.S.C. § 654) requested TransUnion to provide Plaintiff's consumer report to Defendant.

n.  Plaintiff did not receive any "firm offer of credit or insurance" from Defendant.

o.  Plaintiff did not apply for any license or other benefit granted by a governmental instrumentality through Defendant.

## COUNT I

### VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681 WILLFUL NON-COMPLIANCE BY DEFENDANT "PRA"

29. Paragraphs 1 through 28 are realleged as though fully set forth herein.

30. Plaintiff is a consumer within the meaning of the FCRA, 15U.S.C. § 1681a(c).

31. TranUnion is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

32. Consumer credit report is a consumer report within the meaning of FCRA, 15 U.S.C. §a(d).

33. The FCRA, 15 U.S.C. § defines the permissible purposes for which a person may obtain a consumer credit report.

34. Plaintiff has never at anytime had any business dealings or **accounts** with the Defendant "PRA".

35. At no time did Plaintiff give his consent for Defendant to acquire his TransUnion consumer credit report from any credit reporting agency.

36. FCRA 15 U.S.C. § 1681a(r)(4) states: (4) **Account and electronic fund transfer.** — The terms **"account"** and "electronic fund transfer" have the same meanings as in section 1693a of this title. (2) The term "account" means a **demand deposit, savings deposit**, or other **asset account** (other than an occasional or incidental credit balance in an open end credit plan as defined in section

1602(i) of this title), as described in regulations of the Board, established primarily for personal, family, or household purposes, but such term does not include an account held by a financial institution pursuant to a bona fide trust agreement.

37. The definition of "account" clearly states that it must be a **demand deposit, savings deposit**, or other **asset account** of which the Plaintiff has never had at any time with the Defendant.

38. The action of Defendant "PRA" **obtaining** the consumer **private** credit report on August 18, 2011 with no permissible purpose or Plaintiff's consent, which is a willful violation of FCRA 15 U.S.C. § 1681b and an egregious violation of Plaintiff's right to privacy.

**WHEREFORE, the elements of a valid cause of action have been established herein through the injuries of Plaintiff's constitutionally protected rights to privacy, the damages are statutory and the element of redressablity through this competent court. Plaintiff respectfully requests judgment of $1000.00 for statutory damages against Defendant "PRA" and costs so determined by this Honorable Court pursuant to 15 U.S.C. § 1681n.**

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT (FDCPA) WILLFUL NON-COMPLIANCE BY DEFENDANT "PRA"

39. Paragraphs 1 through 28 are realleged as though fully set forth herein.

40. The Plaintiff is a consumer as defined in 15 U.S.C. §1692a(3).

41. Defendant is a debt collector as defined in 15 U.S.C. §1692a(6).

42. Defendant failed to send the consumer a 30-day validation notice within five days of the initial communication, which is a violation of 15 U.S.C. §1692g.

43. Defendant used false, deceptive, or misleading representation or means in connection with the debt collection in violation of 15 U.S.C. §1692e, by asking for information about a family member's alleged debt and sending two dunning letters of a non-existent debt.

44. Defendant misrepresented the character, amount, or legal status of the alleged debt in violation of 15 U.S.C. §1692e(2)(A), by sending two dunning letters demanding payment of a non-existent debt.

45. Defendant utilized false representation or deceptive means to collect a debt or obtain information about a consumer in violation 15 U.S.C. §1692e(10), by means of 2 dunning letters, obtaining the private credit files of Plaintiff and by calling his private cell phone after Plaintiff requested no more calls.

46. Defendant utilized unfair practices by attempting to collect any amount not authorized by the agreement creating the alleged debt or permitted by law in violation of 15 U.S.C. §1692f(1), because at no-time did Plaintiff have any authorized agreement with Defendant.

47. Due to the repeated and continuing violations of the FDCPA, Plaintiff is entitled to statutory damages under 15 U.S.C. §1692(k).

**WHEREFORE, the elements of a <u>valid cause of action</u> have been established herein through the injuries of Plaintiff's constitutionally protected rights to privacy, and to be free of harassment and defamation; the damages are statutory; and the element of redressablity through this competent court. Therefore Plaintiff respectfully requests judgment for statutory damages in the amount of $1000.00 and costs against "PRA" so determined by this Honorable court pursuant to 15 U.S.C. § 1692(K)**

## COUNT III

### VIOLATIONS OF THE ROSENTHAL CAL. CIVIL CODE § 1788 et seq. WILLFUL NON-COMPLIANCE BY DEFENDANT "PRA"

48. Paragraphs 1 through 28 are realleged as though fully set forth herein.

49. Pursuant to § 1788.2(C) the Defendant is a debt collector, a person who in the ordinary course of business, regularly, on behalf of himself, herself or others, engages in debt collection.

50. Defendants are subject to the Rosenthal Fair Debt Collection Act (Cal. Civil Code §1788-§1788.33 et. Seq.)

51. Defendant is liable for out-of-pocket expenses Plaintiff paid due to the violation(s). If Plaintiff shows Defendant intentionally violated the law, Defendant must also pay up to $1000.00 for each violation, pursuant to §1788.30(a.-g.).

52. Defendant violated 15 U.S.C. §1692g, as incorporated by ROSENTHAL §1788.17, by failing to send the consumer a 30-day validation notice within five days of the initial communication.

53. Defendant violated 15 U.S.C. §1692g(a)(3), as incorporated by ROSENTHAL §1788.17, Must state right to dispute within 30 days. Defendant failed to do so.

54. Defendant violated 15 U.S.C. §1692e, as incorporated by ROSENTHAL §1788.17, by utilizing false, deceptive, or misleading representation of the amount of the alleged debt by means of 2 dunning letters of a non-existent debt.

55. Defendant violated 15 U.S.C. §1692e(10), as incorporated by ROSENTHAL §1788.17, by the use of any false representation or deceptive means to collect a debt or obtain information about a consumer by means of 2 dunning letters, obtaining the private credit files of Plaintiff and by calling his private cell phone after Plaintiff requested no more calls.

57. Defendant violated 15 U.S.C. §1692f(1), as incorporated by ROSENTHAL §1788.17, Unfair practices, and attempt to collect any amount not authorized by the agreement creating the debt or permitted by law, because at no time did Plaintiff have any agreement creating alleged debt.

58. Defendant violated ROSENTHAL §1788.13(1) any communication by a licensed collection agency to debtor demanding money unless the claim is actually assigned to the collection agency. Defendant never showed any assignment of alleged debt whatsoever.

59. Defendant violated ROSENTHAL §1788.17 by continuously failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. §1692 et seq.

**WHEREFORE, the elements of a <u>valid cause of action</u> have been established herein through the injuries of Plaintiff's constitutionally protected rights to privacy, and to be free of harassment and defamation; the damages are statutory; and the element of redressablity through this competent court. Therefore Plaintiff respectfully requests judgment for statutory damages against "PRA" in the**

amount of $3000.00 and costs so determined by this Honorable court pursuant to

Cal Civil Code § 1788.30(a) and §1788.30(c)

## COUNT IV

### VIOLATIONS OF THE TCPA 47 U.S.C. 227
### WILLFUL NON-COMPLIANCE BY "PRA"

60. Paragraphs 1 through 28 are realleged as though fully set forth herein.

61. The Defendant continued calls to Plaintiff 2 times in an attempt to collect on a nonexistent alleged debt after Plaintiff expressly stated to **cease and desist** all communication by phone. This willful action is a violation of Plaintiff's right to privacy.

62. The Defendant has committed 2 separate violations of 47 U.S.C. §227(b)(1)(A) and Plaintiff is entitled to damages of $1,500.00 per violation pursuant to 47 U.S.C. §227(b)(3)(B).

63. The Plaintiff and Defendant do not have or ever had an established business relationship within the meaning of 47 U.S.C. §227. Defendant never received expressed consent to call Plaintiff. The Plaintiff had no reason to receive communication by phone from Defendant.

**WHEREFORE, the elements of a <u>valid cause of action</u> have been established herein through the injuries of Plaintiff's constitutionally protected rights to privacy, and to be free of harassment and defamation; the damages are statutory; and the element of redressablity through this competent court. Therefore Plaintiff respectfully requests judgment for statutory damages against "PRA"**

**in the amount of $3000.00 and costs so determined by this Honorable Court pursuant to 47 U.S.C. §227(b)(3).**

1

## **DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted this 20th day of February 2012.

Ronald G. Pyle II
720 Bluefield ave,
Turlock, CA. 95382
209-505-7481
guspyle@yahoo.com

SERVICE TO:
PORTFOLIO RECOVERY ASSOCIATES, LLC
140 CORPORATE BOULEVARD
NORFOLK, VA. 23502

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Ronald G. Pyle II
720 Bluefield ave
Turlock, CA. 95382

**(b)** County of Residence of First Listed Plaintiff   Stanislaus
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

## DEFENDANTS
PORTFOLIO RECOVERY ASSOCIATES, LLC.
140 CORPORATE BLVD.
NORFOLK, VA. 23502

County of Residence of First Listed Defendant   NORFOLK CITY
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

1:12-CV-00230 LJO DLB

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. sec. 1681 et seq/15 U.S.C. sec. 1692 et. seq./ CAL. ROSENTHAL/ CIVIL CODE sec. 1788 et. seq.
Brief description of cause:
violations of the FDCPA/FCRA/Rosenthal/ attempting to collect on non-existent debt

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 8,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____